**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNAL ALTINOZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-993-G** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Unal Altinoz filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 11), and Petitioner has replied (Doc. No. 12).[1]

*I. Background*

Petitioner is a citizen of Turkey who entered the United States on or about April 14, 2023. Pet. ¶ 1. Petitioner was detained by DHS and placed in removal proceedings, which are ongoing. *Id.* ¶¶ 19, 30; *see* Resp't's Suppl. (Doc. No. 14). On April 17, 2023, Petitioner was released into the United States on his own recognizance pursuant to 8 U.S.C. § 1226. Doc. No. 1-1, at 7-10.

[1] The answering Respondents are: Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS"); United States Attorney General Todd Blanche; Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal; and David Venturella, Acting Director of ICE.

On December 30, 2025, Petitioner was arrested at his mandatory ICE check-in and taken into ICE custody. Pet. ¶ 3. Petitioner is presently housed at Diamondback Correctional Facility (“DCC”) in Watonga, Oklahoma. *Id.*

*II. Discussion*

Petitioner asserts that Respondents’ continued detention of him without a bond hearing violates the Immigration and Nationality Act (“INA”), 8 U.S.C. §§ 1101 et seq., and his substantive and procedural due process rights. *See* Pet. ¶¶ 40-54. Petitioner seeks habeas relief in the form of an order releasing him from detention or, alternatively, an individualized bond hearing. *See id.* ¶ 44.

Prior to being housed at DCC, Petitioner was in ICE custody at a facility in Texas and filed a § 2241 habeas petition in the Northern District of Texas. Pet. ¶ 25; Doc. No. 11-1 (“First Petition”). The First Petition presented the same three habeas claims—violation of INA, substantive due process, and procedural due process—as Petitioner now raises in this Court. *Compare* First Pet. ¶¶ 36-47, *with* Pet. ¶¶ 40-54. On April 22, 2026, the U.S. District Court for the Northern District of Texas denied that petition, concluding that pursuant to Fifth Circuit authority Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that due process did not require provision of a bond hearing. Pet. ¶ 26; Doc. No. 1-1, at 19-26. Judgment was entered that same date. Doc. No. 1-1, at 27.

Respondents argue that the instant Petition should be dismissed based on the abuse of the writ doctrine and its underlying principles of judicial comity, res judicata, and efficiency. *See* Answer at 10-21. Respondents further contend that because Petitioner

litigated his habeas claims in the Northern District of Texas, the claims presented here "are duplicative" and improper. *Id.* at 21.

Where a petitioner's first § 2241 petition "was denied on the merits and final judgment . . . entered," the Court may dismiss a second § 2241 petition as an abuse of the writ. *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (internal quotation marks omitted). "The Supreme Court has recognized 'abuse of the writ' as a body of equitable principles that defines when federal courts decline to entertain a claim raised in a second or subsequent habeas petition." *Sobirovich v. Rosa*, No. CV-26-05070, 2026 WL 2333494, at *1 (D. Ariz. Aug. 12, 2026) (citing *McCleskey v. Zant*, 499 U.S. 467, 470, 489 (1991)). The doctrine "is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Salib*, 2026 WL 2393174, at *1 (internal quotation marks omitted) (citing *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010); *Lazare v. De Anda-Ybarra*, No. 26-cv-00808, 2026 WL 2071154, at *2 (D.N.M. July 17, 2026) ("The abuse of the writ doctrine permits courts to dismiss successive § 22241 claims that were raised in a prior petition as well as new claims that could have been raised in an earlier petition but were not." (alterations, omission, and internal quotation marks omitted))); *see also Arrington v. U.S. Bureau of Prisons*, No. CIV-25-615-JD, 2026 WL 94643, at *2 (W.D. Okla. Jan. 13, 2026).

Initially, "the government bears the burden of pleading abuse of the writ." *McCleskey*, 499 U.S. at 494. "Once the government has done so, the petitioner bears the burden to disprove abuse of the writ." *Kumar v. Acting Field Off. Dir.*, No. CIV-26-1453-SLP, 2026 WL 3564448, at *2 (W.D. Okla. Nov. 19, 2026). "A petitioner must either

'show cause for failing to raise the claim earlier and the prejudice therefrom' or 'show that a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Id.* (alteration omitted) (quoting *McCleskey*, 499 U.S. at 494-95).

Here, Respondents have shown that the Petition raises claims already adjudicated on their merits by the Northern District of Texas. *See* Answer at 10-21; Doc. No. 1-1, at 19-27. In reply, Petitioner attempts to establish a "fundamental miscarriage of justice" absent consideration based upon an alleged intervening change in the law: the Tenth Circuit's issuance of *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), a decision that is inconsistent with Fifth Circuit authority and whose application would indisputably entitle Petitioner to a bond hearing. Pet'r's Reply at 3; *see* Answer at 21-23.

Having considered the relevant authorities and record, however, the Court finds persuasive the numerous decisions that have rejected the proposition that "Petitioner's relocation to a jurisdiction where the law is more favorable to him . . . establishes that a fundamental miscarriage of justice will occur from a failure to entertain Petitioner's statutory argument." *Yusupov v Cerna*, No. CIV-26-1452-R, 2026 WL 3182343, at *2 (W.D. Okla. Oct. 23, 2026); *see also Kumar*, 2026 WL 3564448, at *3 n.3. Allowing Petitioner to pursue a second, duplicative § 2241 petition "simply because he has been moved to a facility located in the Tenth Circuit, where the case law is favorable to his claim, is akin to forum shopping," and dismissal is appropriate. *Rabadanov v. Figueroa*, No. CIV-26-1441-J (W.D. Okla. Sept. 29, 2026) (order).

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice for abuse of the writ A separate judgment shall be entered.

Petitioner's pending Motion (Doc. No. 4) is DENIED AS MOOT.

IT IS SO ORDERED this 23rd day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge